UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCINDA COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-3136 |
| | ) |
| SPARTAN STAFFING, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lucinda Comer ("Comer"), by counsel, for her cause of action against Defendant, Spartan Staffing, LLC ("Spartan"), alleges and says:

1. This is a civil action brought to recover damages from Spartan under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* and, by reference, the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq.*, and under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

JURISDICTION AND VENUE

2. This court has subject matter jurisdiction of Comer's claims under 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), venue is appropriate in the Southern District of Indiana, Indianapolis Division, as Spartan conducts business in the State of Indiana from facilities located within this jurisdiction.

THE PARTIES

4. Spartan is engaged in business affecting commerce, and has employed 15 or more persons for each working day in each of 20 or more calendar weeks in the current or preceding year.

5. Spartan currently employs in excess of 500 persons at its various locations throughout the United States.

6. Comer resides in Rush County, Indiana within the jurisdiction of the U.S. District Court for the Southern District of Indiana, Indianapolis Division.

ADMINISTRATIVE REMEDIES

7. Within 300 days after the alleged unlawful employment practices set forth herein, Comer satisfied the requirements of 42 U.S.C. § 2000e-5 by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. Less than 90 days prior to the filing of this Complaint, the EEOC issued a Notice of Right to Sue to Comer.

9. This action was commenced within 90 days of the date Comer received her Notice of Right to Sue.

STATEMENT OF FACTS

10. Comer was employed as a Regional Manager of Spartan.

11. Comer was one of Spartan's top performers.

12. Comer, her husband, and their son Spencer were covered under Spartan's self-funded health insurance plan.

13. In June 2014, Spartan's parent company acquired one of Spartan's competitors and was working to merge Spartan into the new acquisition, which would involve a corporate reorganization and a substantial reduction of expenses.

14. As part of the reorganization, Comer was told she was the primary candidate for a new vice president position in the new company.

15. The new company would also have a self-funded health insurance plan, albeit with a smaller fund.

16. In August 2014, during Comer's employment, Comer's son, Spencer, was diagnosed with cancer and began receiving expensive medical care.

17. During Spencer's treatments, Comer did not request family medical leave, but rather, she continued to work off-site by telephone and e-mail.

18. Spartan was aware that Comer's son, Spencer, was undergoing treatment for cancer.

19. Because Spartan was self-insured and attempting to reduce expenses because of the merger and reorganization, Spartan took a keen interest in the medical claims submitted by its employees, including Comer.

20. On October 31, 2014, under pressure from her employer, Comer signed an offer letter to work for the new company in 2015, not as the new vice president, but in a lower position than she held at Spartan.

21. Comer accepted the offer to work for the new company without receiving an explanation or documentation of the terms of the new health insurance plan, including the deadlines for enrollment.

22. On November 5, 2014, Comer was placed on paid administrative leave from Spartan pending an internal investigation of her expense reports from the previous seven months.

23. Unbeknownst to Comer, the open enrollment period for health insurance coverage under the new company's self-funded plan was set to begin on November 6, 2014 and end on November 21, 2014.

24. Spartan did not notify Comer of the open enrollment deadline dates while she was on administrative leave, so she was unaware of when and how long she had to enroll for health insurance with the new company.

25. Comer's employment at Spartan was terminated on December 10, 2014 (deemed effective on December 26, 2014) for allegedly violating company policies pertaining to her expense reports and to the compensation of a salaried employee with a gift card.

### STATEMENT OF CLAIMS

26. In violation of the ADA, specifically 42 U.S.C. § 12112(b)(4), Spartan unlawfully discriminated against Comer because of her son Spencer's known disability to avoid having to continue to pay for the substantial medical costs that were being incurred by her son under Spartan's self-funded health insurance plan.

27. In violation of 42 U.S.C. § 12112(b)(4), Spartan unlawfully discriminated against Comer because of her son Spencer's known disability in that Comer became overwhelmed at work when her son was diagnosed and treated for cancer and, as a result, she may have been distracted in the performance of certain duties.

28. In violation of ERISA § 510, 29 U.S.C. § 1140, Spartan unlawfully retaliated against Comer for exercising rights to which she was entitled under the provisions of her employee health insurance plan in an attempt to prevent her from using the medical benefits for Spencer.

29. As a direct and proximate result of Spartan's unlawful discrimination and retaliation, Comer suffered loss of income and benefits, emotional distress, pain and suffering, embarrassment, inconvenience, mental anguish and other non-pecuniary damages and losses.

30. Comer is entitled to reinstatement of her employment in the same or equivalent position she held when she was employed, together with back pay and benefits, damages, costs and reasonable attorney's fees.

WHEREFORE, Comer prays for judgment in her favor and against Spartan, for all legal and equitable remedies to which she is entitled, for her court costs and reasonable attorney's fees, and for all other just and proper relief.

## DEMAND FOR JURY TRIAL

Comer, by counsel, pursuant to Fed. R. Civ. P. 38(b) and 42 U.S.C. § 1981a(c), respectfully demands trial by jury on all issues triable by a jury.

Respectfully submitted,

/s/Robert S. Rifkin
Robert S. Rifkin, 5977-49


/s/Clinton E. Blanck
Clinton E. Blanck, 19270-32
MAURER RIFKIN, P.C.
11550 North Meridian Street, Suite 115
Carmel, Indiana 46032
Office: (317) 844-8372
Facsimile: (317) 573-5564
E-mail: rrifkin@mrhlaw.com
         cblanck@mrhlaw.com
Attorneys for Plaintiff